E-FILED
Wednesday, 06 March, 2013  09:28:46 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Malibu Media, LLC )
    Plaintiff )
)
        v. ) Case No. 13-1099
)
John Doe, )
    Defendant )
)

## ORDER

Now before the Court is the motion by Plaintiff (Doc. #2) for leave to obtain and serve a subpoena prior to the time authorized by the Federal Rules of Civil Procedure. The motion is GRANTED, but only to the extent stated herein.

The Federal Rules of Civil Procedure permit a party to obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense," which matter expressly includes "the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). The scope of discovery under Rule 26 permits a party to obtain "discoverable matter" relevant to its claims, irrespective of the location of such evidence. See discussion in *AF Holdings LLC v Does 1-1, 058*, 2012 WL 3204917 (DDC 2012).

This rule also gives the district courts broad discretion in matters relating to discovery. *Semien v Life Insurance Company of North America*, 436 F3d 805, 813 (7th Cir 2006); *Nieman v Grange Mutual Insurance Co*, 2012 WL 5029875 (CD Ill), citing *Brown–Bey v United States*, 720 F2d 467, 470–471 (7th Cir 1983); *Eggleston v Chicago Journeymen Plumbers' Local Union 130*, 657 F2d 890, 902 (7th Cir 1981); *Indianapolis Colts v Mayor and City Council of Baltimore*, 775 F2d 177, 183 (7th Cir 1985).

Federal Rule of Civil Procedure 26(d) explains that parties may generally serve discovery only after a Rule 26(f) conference, "except ... when authorized by ... court order." FRCP 26(d)(1). To determine whether to authorize expedited discovery in a particular case, courts generally apply a "good cause" standard. See for example, *Malibu Media, LLC v John Does 1-23*, 2012 WL 1144822 (D Colo 2012); *Arista Records LLC v Does 1-19*, 551 FSupp2d 1 (DDC 2008); *Interscope Records v Does 1–14*, 2007 WL 2900210, *1 (D Kan); *Warner Bros. Records, Inc. v Does 1–14,* 2007 WL 1960602, *1 (D Utah ); *LaFace Records LLC v Does 1-5*, 2007 WL 2867351, *1 (WD Mich); *OpenMind Solutions, Inc. v Does 1-39*, 2011 WL 4715200 (ND Cal 2011).

I find that good cause exists to permit Plaintiff to conduct a certain, limited amount of expedited discovery to ascertain the identity of the Doe Defendant. As noted under nearly identical circumstances by the Court in *Arista Records,* good cause for expedited discovery exists because the defendant must be identified before this suit can progress further. 551 FSupp 2d at 6.  John Doe is alleged to have engaged in anonymous online behavior, which will remain anonymous unless Plaintiff is able to ascertain his identity. Thus, Plaintiff's belief that there are no practical methods to discover Defendant's identity without court-ordered discovery is reasonable.

 Plaintiff has specifically identified the ISP from which this focused discovery will be taken. The assertion, however, that it is likely that the ISP will be able to identify John Doe with specificity is problematic, because there is no precise alignment between an IP address and a specific individual. Rather, the IP address is associated with an internet account, which may have been used by any number of people. Just as a telephone call cannot simply be traced to the person who pays the bill for that particular telephone,

so a discrete act of participation in a swarm cannot simply be traced to the person who pays for internet service.

As a result, the discovery sought by the Plaintiff may or may not lead to the individual who actually performed the allegedly infringing act. Nonetheless, it is a start, and it is the only possible way to start. The Court knows of no other method for a copyright holder to begin to protect its copyright when this protocol is the method of infringement.

Plaintiff's motion is therefore GRANTED, as follows:

1. Plaintiff has established good cause for early issuance and service of a subpoena on the ISP of John Doe for the limited purpose of discovering his name and geographic address. Plaintiff has demonstrated no need for any information beyond the name and geographic address associated with the IP address at the time of the alleged infringing act. The subpoena shall be limited to mandating disclosure of name and address.

2. Plaintiff shall serve a copy of this Order with the subpoena.

3. Should Plaintiff learn that additional information is required in order to effect service, further motions may be filed.

IT IS FURTHER ORDERED:

1. The ISP shall, within 14 days from the date of service of the subpoena upon it, serve a copy of the subpoena and a copy of this Order on John Doe and shall otherwise comply with the requirements of 57 U.S.C. § 551(c)(2)(B).

2. John Doe shall have 30 days from the date he receives a copy of the subpoena and this Order from the ISP within which he may file any motions contesting the subpoena. A copy of any motion shall be provided to the ISP.

3. If John Doe fails to file a challenge to the subpoena within that 30 day period, the ISP shall provide the subpoenaed information to the Plaintiff within 30 days thereafter.

4. If John Doe files a motion challenging the subpoena in any way, the ISP is directed NOT to turn over any information about him to the Plaintiff until the issues raised in the motion have been addressed and a further Order has been issued directing the release of the information.

5. The ISP shall preserve all subpoenaed information from the date of this Order until such time as the information has been delivered to the Plaintiff or until the subpoena has been quashed.

6. Any information disclosed to the Plaintiff in response to the subpoena issued hereunder shall be used solely for the purpose of effecting service of process with the ultimate aim of protecting Plaintiff's rights under the Copyright Act.

7. No disclosure of that information and no amendment to the complaint or filing of any other document naming or otherwise revealing the identity of John Doe is permitted without a prior Order from this Court.

ENTERED: March 6, 2013

                              s/ John A. Gorman

                         **JOHN A. GORMAN**
               **UNITED STATES MAGISTRATE JUDGE**